**Marjory T.H. WAGNER, Plaintiff,**

v.

**John ASHCROFT, Attorney General of the United States, Kathlene Hawk–Sawyer, Director of Federal Bureau of Prisons, Kevin D. Rooney, Assistant Director of Administration, Robert J. Newport, Craig H. Unger, James L. Ropelewski, Gerald O. Tufto, Demetress F. Smith, Juliette D. White, Mary D. Jenkins, Mary F. Jenkins, Lula Strunk, Steven Colgate, Deputy U.S. Attorney General, Defendants.**

No. 3:99–CV–2243.

United States District Court, N.D. New York.

March 19, 2003.

---

Marjory T.H. Wagner, Clarence, NY, plaintiff pro se.

Glenn T. Suddaby, United States Attorney, Paula Ryan Conan, Assistant United States Attorney, of counsel, Syracuse, NY, for the Northern District of New York.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

### INTRODUCTION

Presently before the court are plaintiff's motion for default judgment pursuant to Northern District of New York Local Rule ("L.R.") 7.1(b)(3) and defendants' motion to dismiss plaintiff's amended complaint for failure to prosecute pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and L.R. 41.2(b). *See* Dkt. No. 11, Pl.'s Mot. for Default J. and Dkt. No. 13, Defs.' Mot. to Dismiss, respectively. Defendants oppose plaintiff's motion, inasmuch as they find it premature at this time. Plaintiff opposes defendants' motion. For the reasons that follow below, plaintiff's motion is DENIED, and defendants' motion is GRANTED.

### BACKGROUND

On December 29, 1999, plaintiff, Marjory T.H. Wagner, *pro se,* filed a complaint pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the Age Discrimination in Employment Act, 29 U.S.C. § 621 asserting claims arising out of her employment with the Federal Bureau of Prisons.[1] *See* Dkt. No. 1, Compl. On February 7, 2000, the

---

1. In filing her complaint, plaintiff named then-United States Attorney General Janet Reno as a defendant. Since plaintiff filed her complaint, John Ashcroft succeeded Janet Reno as United States Attorney General. In a letter to the court, plaintiff notes that "[t]his case is not against John Ashcroft—but Ms. Janet Reno, et al.—specifically." *See* Dkt. No 19. Nevertheless, the court substitutes John Ashcroft for Janet Reno as a party in this action. *See* Fed.R.Civ.P. 25(d)(1) ("When a public officer is party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party ... An order of substitution may be entered at any time, but the omission of such an order shall not affect the substitution."); *see also Baker v. Pataki,* 85 F.3d 919, 935 n. 1 (2d Cir.1996) (explaining that plaintiff originally named then-New York Governor Mario Cuomo as defendant, but that due to a change in administration, the court substituted his successor, Governor George Pataki).

court ordered plaintiff to file an amended complaint within thirty days, which complied with Rules 8 and 10 of the Fed.R.Civ.P. The court warned plaintiff that her failure to allege specific acts of misconduct as to any of the individuals named in any amended complaint would result in dismissal of the complaint with respect to any such individual. *See* Dkt. No. 4, Order. On March 13, 2000, plaintiff requested an extension of time to file an amended complaint; the court obliged and ordered a sixty-day extension until May 19, 2000. *See* Dkt. No. 5. On May 19, 2000, plaintiff filed an amended complaint, which Magistrate Judge Gary L. Sharpe found in compliance with the court's February 7, 2000, order. *See* Dkt. No. 6, Am. Compl. and Dkt. No. 7, Order, respectively. Plaintiff served the Attorney General's Office in Washington, D.C. with a copy of the summons and the amended complaint on or about August 3, 2000. *See* Dkt. No. 15, Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 1. On October 23, 2000, plaintiff moved pursuant to L.R. 7.1(b)(3) for entry of default judgment. *See* Dkt. No. 11. At the time plaintiff filed her motion for default judgment, however, she had not provided the United States Attorney's Office for the Northern District of New York with either a complete copy of the summons and the amended complaint or a copy of her motion for default judgment. *See* Dkt. No. 12. To date, plaintiff has not effected service on defendants.

The United States Attorney's Office first learned of plaintiff's action on January 23, 2001, when a United States District Court Deputy Clerk contacted the office regarding the Attorney General's failure to respond to plaintiff's motion for default judgment. On January 25, 2001, by written response addressed to the court, the United States Attorney's Office noted that plaintiff had not complied with the requirements for service upon the Attorney General under Fed. R.Civ.P. 4(i)(1)(A) and (2)(A), and that there was no proof of service upon the other defendants at that time. *See* Dkt. No. 15, Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 2. Plaintiff received a carbon copy of this written response. *See* Dkt. No. 14, Conan

Aff. at Ex. 1. Over the next four months, the United States Attorney's Office sent three additional letters addressed directly to plaintiff notifying her that she needed to properly effect service of her complaint in order for her case to proceed. *See* Dkt. No. 15, Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 2. In its final letter, the United States Attorney's Office advised that defendants would not respond to plaintiff's complaint until plaintiff had provided it with a copy of the summons and amended complaint, and it warned plaintiff that if she failed to respond in writing, it would seek dismissal of her action. *See* Dkt. No. 12. Defendants subsequently moved to dismiss for failure to prosecute. *See* Dkt. No. 13, Defs.' Mot. to Dismiss.

On October 22, 2001, plaintiff moved for appointment of counsel. *See* Dkt. No. 17. On September 27, 2002, Magistrate Sharpe denied, without prejudice to renew, plaintiff's motion for appointment of counsel. *See* Dkt. No. 22, Order.

## DISCUSSION

### I. Default Judgment

■ Plaintiff moves for default judgment alleging that defendants failed to respond to her complaint.[2] Plaintiff's motion is premature, for while she served the Attorney General's Office on August 3, 2000, she has yet to serve the United States Attorney's Office for the Northern District of New York as required by Rule 4(i)(2)(A) of the Fed.R.Civ.P., which states in pertinent part: "Service on ... an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1)." Rule 4(i)(1)(A) states that:

Service upon the United States shall be effected by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney ... or by sending a copy of the summons and of the complaint

---

2. Apparently, plaintiff contemplated withdrawing her motion for default judgment but was unable

to obtain assistance in this regard. *See* Dkt. No. 19, at ¶ 8.

by registered or certified mail addressed to the civil process clerk at the office of the United States attorney.[3]

Plaintiff mistakenly believes that the court served the United States Attorney's Office with a copy of her complaint and motion for default judgment. Although the court provided courtesy copies of plaintiff's complaint and motion for default judgment to the United States Attorney's Office, it did not effect service on plaintiff's behalf, nor could it have. The court cannot effect service on a party's behalf. Therefore, contrary to plaintiff's assertion, neither the Department of Justice, nor the United States Attorney's Office "ignored" plaintiff's "service," for plaintiff failed to properly serve them. *See* Dkt. No. 19 at ¶¶ 17 and 18. The court declines to order default judgment against defendants whom plaintiff has not yet served. Accordingly, plaintiff's motion is DENIED.

## II. Dismissal Under Rule 4

■ Defendants move to dismiss pursuant to Rule 4(m) of the Fed.R.Civ.P., which states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

As described above, plaintiff failed to comply with Rule 4 and has not served defendants. For purposes of dismissal, plaintiff filed her case over three years ago without having since served defendants. As reason for her failure to serve defendants, plaintiff indicates that during her employment with the Bureau of Prisons, "it was drummed into our heads

that the Office of the U.S. Attorney and the Department of Justice were one and the same." Dkt. No. 19 at ¶ 2. Therefore, plaintiff assumed that when the United States Marshals served the Attorney General's Office, the United States Attorney for the Northern District of New York was also "notified." *Id.* While the court accepts plaintiff's explanation as to her initial failure to effect proper service, it hardly excuses her continued failure to serve defendants. That plaintiff was not aware of Rule 4's formalities might allow the court to grant her some measure of additional time to properly effect service. Between January and May of 2001, however, defendants notified plaintiff on four separate occasions of Rule 4's requirements, and she still has not responded accordingly. *See* Dkt. No 14, Conan Aff. at Exs. 1, 2, 3, and 4. As such, plaintiff cannot plead ignorance in light of defendants' efforts here, and Rule 4(m) compels dismissal of plaintiff's action.

## III. Dismissal Under Rule 41

■ Rule 41(b) of the Fed.R.Civ.P. provides that: "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits." Although Rule 41 does not define failure to prosecute, "[i]t can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Whether to grant a motion to dismiss for failure to prosecute is a "matter consigned to the discretion of the district court." *Dodson v. Runyon,* 86 F.3d 37, 38 (2d Cir.1996) (citation omitted). In exercising its discretion, however, the court

---

**3.** The court cites to the 2003 Edition of the Fed.R.Civ.P. The court is aware that Rule 4(i) in its current form took effect as of December 1, 2000. Congress' December 2000 amendment did not change Rule 4(i)'s import. Before *and* after the amendment took effect, in order to effect service upon an officer of the United States, Rule 4(i) required a party to deliver "a copy of the summons and of the complaint to the

United States attorney for the district in which the action is brought or to an assistant United States attorney... or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney". *Compare* Fed.R.Civ.P. 4(i)(2) and 4(i)(1)(A) (2000 edition) *with* Fed.R.Civ.P. 4(i)(2)(A) and 4(i)(1)(A) (2003 edition).

is to consider: (1) the duration of plaintiff's delays; (2) whether plaintiff was notified that the inactivity would be cause for dismissal; (3) whether the defendant would be prejudiced by further delay; (4) whether a balance has been achieved between the need to alleviate the court's calendar congestion with a party's right to due process; and, (5) the efficacy of lesser sanctions. *See Dodson,* 86 F.3d at 40. No single factor is dispositive. *See id.* The court should reserve dismissal for "extreme situations." *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). The court considers the foregoing factors *seriatim.*

### A. Duration of Plaintiff's Delays

Local Rule 41.2(a) provides that failure by the plaintiff "to take action for four (4) months shall be presumptive lack of prosecution." Plaintiff filed her amended complaint thirty-four months ago. In the intervening months, plaintiff filed a motion for default judgment, lodged her opposition to defendants' motion, moved for appointment of counsel, and wrote to the court regarding her case. Sixteen months have elapsed, however, since plaintiff last wrote to the court or took any form of action in this matter. Moreover, five months have elapsed since Magistrate Sharpe denied plaintiff's motion for appointment of counsel, the last action to have occurred in plaintiff's action. Plaintiff's delay is sufficient in its duration to warrant dismissal. *See Peters–Turnbull v. Bd. of Educ. of New York,* 1999 WL 959375 at *2–*3 (S.D.N.Y. October 20, 1996) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss").

### B. Notification of Inactivity as Cause for Dismissal

Defendants notified plaintiff that her failure to prosecute her claims would result defendants moving to dismiss her action. By letter dated May 10, 2001, the United States Attorney's Office notified plaintiff, *inter alia,* that if she failed to provide a written response to its repeated requests for a complete copy of the summons and amended complaint, as well as a copy of her motion for default judgment, then it would move to dismiss her case for failure to prosecute. *See* Dkt. No. 14, Conan Aff. at Ex. 4. Thus, plaintiff, was properly advised of the consequences of her failure to take appropriate action. *See Stoenescu v. Jablonsky,* 162 F.R.D. 268, 271 (S.D.N.Y.1995) (explaining that defendants' motion to dismiss in and of itself gave notice to *pro se* plaintiff that defendants were seeking dismissal); *cf. Schenck v. Bear, Stearns & Co.,* 583 F.2d 58, 60–61 (2d Cir.1978) (reversing district court's *sua sponte* dismissal of plaintiff's action in part because "[t]here had been no prior prodding of the plaintiff by the court or by defendants").

### C. Defendants Prejudiced by Further Delay

Where, as here, plaintiff has caused an unreasonable delay, prejudice to the defendants may be presumed as a matter of law. *See Lyell,* 682 F.2d at 43. The court finds persuasive defendant's argument that it will be prejudiced by further delay. To date, plaintiff has already forced defendant to expend resources in trying to compel plaintiff to properly effect service. Should the court permit plaintiff's case to continue, defendants may be required to expend additional resources in filing motions and preparing a defense while the plaintiff has expended little energy in pursuit of her claim. Any further delay would prejudice defendants.

### D. Balance

Plaintiff has had a full and fair *opportunity* to present evidence in support of her claims, but she has effectively failed to exercise that opportunity for a considerable period of time. While the court " 'must not let its zeal for a tidy calendar overcome its duty to do justice,' that same goal of justice, here in the guise of judicial administration," compels dismissal. *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir.1980) (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir. 1968)).

### E. Efficacy of Lesser Sanctions

In *Dodson,* the Second Circuit noted that "the more the delay was occasioned by plain-

tiff's personal obstruction ... the more suitable the remedy of dismissal." 86 F.3d at 40. Here, plaintiff has caused the delay at issue. The court doubts whether lesser sanctions would remedy the situation, especially given the fact that plaintiff has failed to effect proper service on defendants during the two years that have elapsed since defendants first informed her of the necessity of such service. Dismissal is appropriate in this matter and defendants' motion is GRANTED.

### CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that Attorney General John Ashcroft be substituted for Janet Reno as a party to this action; it is further

**ORDERED**, that plaintiff's motion for default judgment is **DENIED**; it is further

**ORDERED**, that defendant's motion to dismiss is **GRANTED**; it is further

**ORDERED**, that the Clerk of the Court enter judgment in favor of defendants and dismiss the case in its entirety. It is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum—Decision and Order upon the parties by regular mail.

**IT IS SO ORDERED.**