Randy Q. IRELAND, Sr., Jennifer Ireland, and Randy Q. Ireland, Jr., Plaintiffs,

v.

Thomas L. HICKEY; Thomas Buckley, Rex Atkinson, Robert LaFountain, James Butzner, County of Essex, Essex County Administrator, Essex County Board of Supervisors, and Henry Hommis, Defendants.

No. 1:00–CV–1834(FJS/DRH).

United States District Court, N.D. New York.

March 24, 2004.

---

5. *See also* Motion to Join Attachment... (**docket No. 10,** filed on February 18, 2004) which is hereby **NOTED.**

Randy Q. Ireland, Sr., Springfield, MO, Pro Se.

Jennifer Ireland, Springfield, MO, Pro Se.

Randy Q. Ireland, Jr., Springfield, MO, Pro Se.

Office of the New York State Attorney General, Krista A. Rock, of Counsel, Albany, NY, for Defendant Thomas Buckley.

Essex County Attorney's Office, Richard B. Meyer, Of Counsel, Elizabethtown, NY, for Defendant County of Essex, Essex County Administrator, Essex County Board of Supervisors, Henry Hommis.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, Chief Judge.

## I. INTRODUCTION

Plaintiffs filed their *pro se* complaint, alleging violations of 42 U.S.C. §§ 1983 and 1988, on December 1, 2000. On March 13, 2003, this Court issued an Order granting Defendants Hickey, LaFountain, Butzner, Buckley and Atkinson's motions to dismiss all of Plaintiffs Jennifer and Randy Ireland, Sr.'s claims against them on statute of limitations grounds. *See* Dkt. No. 64 at 4–10. The Court denied Defendant Buckley's motion to dismiss Plaintiff Randy Ireland, Jr.'s claim against him in his individual capacity. *See id.* at 9.

1. The Court will refer to Defendants Essex County, Essex County Administrator, Essex County

On April 17, 2003, Magistrate Judge David Homer held a Rule 16 telephone conference, which Plaintiffs failed to attend. *See* Dkt. No. 68. After the conference, Magistrate Judge Homer issued a uniform pre-trial scheduling order setting the discovery deadline for November 1, 2003. *See id.* Presently before the Court are the Essex County Defendants'[1] motion for sanctions and/or dismissal pursuant to Federal Rules of Civil Procedure 37 and 41(b) and Local Rule 41.2 as well as Defendant Buckley's motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

## II. BACKGROUND

For an unspecified period of time in August 1996, Plaintiffs, residents of Missouri, were vacationing in the Adirondack State Park in upstate New York. Plaintiffs allege that on August 15, 1996, officers of the New York State Police, including Defendant Buckley and several of the Essex County Defendants, subjected them to unlawful searches, seizure of personal property, interrogation, detention and arrest.

Plaintiffs assert eighteen causes of action arising from multiple alleged instances of police and prosecutorial misconduct.

## III. DISCUSSION

### A. *Rule 41(b) and Local Rule 41.2 motion for failure to prosecute*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action because of a plaintiff's failure to prosecute or comply with rules or court orders. *See* Fed.R.Civ.P. 41(b). To evaluate a motion to dismiss under Rule 41(b), courts should balance five factors, including the duration of a plaintiff's failure to comply with an order, whether the plaintiff was on notice that failure to comply would result in dismissal of the action, whether additional delay would unfairly prejudice defendants, the court's interest in managing its docket versus the plaintiff's interest in being heard, and whether a sanction less severe than dismissal is suitable. *See Lucas v. Miles,* 84 F.3d 532,

Board of Supervisors and Henry Hommis collectively as the "Essex County Defendants."

535 (2d Cir.1996) (citations omitted). A dismissal under Rule 41(b) is a harsh remedy to which a court should resort only in limited circumstances, particularly where the plaintiff proceeds *pro se.* *See Lucas,* 84 F.3d at 535.

Local Rule 41.2(a) provides that "[w]henever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed." L.R. 41.2. Courts in this district analyze motions under Rule 41.2 using the same framework and standards as motions under Rule 41(b). *See, e.g., Wagner v. Ashcroft,* 214 F.R.D. 78, 82 (N.D.N.Y.2003) (citation omitted) (comparing delays under Rule 41(b) and Rule 41.2(a)).

■ In seeking dismissal, Defendants point out that Plaintiffs have acknowledged that they failed to attend scheduled and duly noticed depositions without giving enough advance notice to prevent Defendants from incurring expenses and lost time waiting for Plaintiffs. Therefore, Plaintiffs have willfully violated this Court's pre-trial scheduling Order. In turn, Plaintiffs contend that they lost a close family member in an accident and became overwhelmed with arrangements relating to the death. In applying the five-factor test from *Lucas,* the duration of Plaintiff's failure to comply is approximately three months, since Plaintiffs should have commenced discovery shortly after Magistrate Judge Homer's order. Although the sudden loss of Plaintiffs' relative was clearly a hardship, the depositions were not scheduled until roughly ten months afterward. With respect to the second factor, Plaintiffs likely knew that dismissal was possible, as the pre-trial scheduling order specifically indicated that deadlines are firm. As a result, these factors weigh in favor of granting Defendants' motions for dismissal. However, the other factors are neutral or weigh in Plaintiffs' favor. Plaintiffs proceed *pro se* and have, albeit with multiple delays, put forth great effort in pursuing their causes of action. Although Defendants lost several hours waiting for Plaintiffs for the depositions, the loss of time does not rise to the level of serious prejudice.

Accordingly, the Court denies all Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.2.

## B. Rule 37 sanctions

Rule 37(b)(2) permits courts to award several types of sanctions when a party has failed to comply with deposition-related discovery orders. *See* Fed.R.Civ.P. 37(b)(2). Among the sanctions a court may order are establishing facts in favor of the deposing party, disallowing the disobedient party to support or oppose some of their claims, striking portions of pleadings, dismissing an action, or holding a party in contempt. *See id.* Courts have broad discretion in awarding sanctions under Rule 37. *See Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d Cir.1994) (citations omitted).

Defendants rely on the same arguments with respect to their motions for sanctions under Rule 37.[2] For the reasons stated above, the Court also denies all Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 37.

Since there are discovery issues that still must be resolved, the Court remands this matter to Magistrate Judge David R. Homer to consider Defendants' requests for sanctions and to reschedule pre-trial discovery, in whatever manner he deems necessary and appropriate.

## IV. CONCLUSION

After carefully considering the file in this matter and the parties' submissions, as well as the applicable law, and for the reasons stated herein, the Court hereby

---

**2.** Defendant Buckley further contends that the allegations in Plaintiffs' amended complaint are conclusory and that depositions are absolutely necessary to the fair disposition of this case. Such an argument, appropriate in the context of a 12(b)(6) motion to dismiss, does not bear on the issue of whether to grant discovery-related sanctions. *See* Fed.R.Civ.P. 12(b)(6). Furthermore, despite Defendant Buckley's assertion that depositions are critical in formulating a defense, the issue in this motion is not whether the case should proceed without depositions, but rather whether the case should be dismissed or Plaintiffs given an additional chance to appear.

**ORDERS** that Defendant Buckley's motions to dismiss and for costs are **DENIED** in their entirety with leave to renew; and the Court further

**ORDERS** that Defendants Essex County, Essex County Administrator, Essex County Board of Supervisors and Henry Hommis's motions to dismiss and for costs are **DE-NIED** in their entirety with leave to renew; and the Court further

**ORDERS** that this case is remanded to Magistrate Judge David R. Homer for consideration of requested sanctions as well as all other pre-trial discovery matters.

**IT IS SO ORDERED.**