**Santiago E. CARTAGENA, Appellant,**

v.

**THAMES VALLEY WATER BOTTLING CO., INC., Appellants.**

**No. 05–1710–cv.**

United States Court of Appeals, Second Circuit.

July 11, 2006.

Santiago E. Cartagena, Pawcatuck, CT, pro se.

Lloyd L. Langhammer, O'Brien, Shafner, Stuart, Kelly & Morris, P.C. (Meredith E. Russell, of counsel), Norwich, CT, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. ROSEMARY S. POOLER, Circuit Judges and Hon. JOHN G. KOELTL,[1] District Judge.

### SUMMARY ORDER

Santiago E. Cartagena *pro se* appeals from a judgment entered in the United States District Court for the District of Connecticut (Margolis, *MJ.*) that dismissed his complaint alleging employment discrimination by defendant Thames Valley Water Bottling Co., Inc. ("Thames"). The parties consented to the referral of all proceedings before a magistrate judge. Familiarity is assumed as to the facts, the

procedural context, and the specification of appellate issues.

We review a district court's dismissal under Rule 41(b), Fed R. Civ. P., for abuse of discretion, and in light of the record as a whole. *See Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998). " '[T]his court has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order,' and these factors significantly cabin a district court's discretion under Rule 41(b), so that 'deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme.' " *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (quoting *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996)).

In assessing whether a case should be dismissed under Rule 41(b), we consider five factors:

██ the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

*Id.* (internal quotations and citations omitted).

The district court dismissed Cartagena's complaint on January 11, 2005, following its December 1, 2004 order that warned Cartagena that his failure to obtain new counsel or to file a *pro se* appearance would result in the dismissal of his case:

---

18

Plaintiff is hereby warned that *on or before December 17, 2004,* plaintiff must have substitute counsel file his or her appearance, or plaintiff is to file a *pro se* appearance. If plaintiff fails to engage other counsel or file a *pro se* appearance by *December 17, 2004,* the Court will grant Attorney Bucci's Motion to Withdraw if it finds that "good cause exists for permitting the withdrawal by appearing counsel," which could ultimately result in a dismissal of plaintiffs actions.

(emphasis in original). The record indicates that Cartagena first received the court's December 1 order on January 19, 2005, after the court's deadline and after his counsel relieved and his case was dismissed. This sequence of events was made known to the court through a Rule 60(b) reconsideration motion, which was subsequently denied.

The district court abused its discretion by dismissing Cartagena's case. However lackadaisical the plaintiff may have previously been at prosecuting his claim, the court failed to consider adequately (a) whether Cartagena received, or was on actual or constructive notice of, the mandates of its December 1 order; and (b) why (if Cartagena was not on notice) dismissal was still warranted. Due process requires notice and opportunity; here there was none.

For the foregoing reasons, the judgment of the district court is hereby **VACATED** and the case **REMANDED** to the district court.