11-2619(L)
Sorokin v. N.Y. Cnty. Dist. Attorney's Office

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*[*]

---

Julia Sorokin, Louis A. Bravo,

> *Plaintiffs-Appellants*,

  v.                                                11-2619(L);
                                                    12-2126(con)

New York County District Attorney's Office,
*et al.*,

> *Defendants-Appellees*,

Martin Schwimmer, Attorney,

> *Defendant*.

---

[*]Judge Pierre N. Leval recused himself from participating in this appeal. The appeal has been decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

FOR APPELLANTS:          Julia Sorokin and Louis A. Bravo, *pro se*, Houston, TX.

FOR THE CITY APPELLEES:  Elizabeth I. Freedman (Francis F. Caputo, Barry Myrvold, *on the brief*) *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

FOR THE STATE APPELLEE:  David Lawrence III (Barbara D. Underwood and Michael S. Belohlavek, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

FOR DOW JONES APPELLEES: Laura Rose Handman (Collin James Peng-Sue, *on the brief*) Davis Wright Tremaine LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED** in part, **AFFIRMED** in part and **REMANDED**.

Appellants Julia Sorokin and Louis A. Bravo appeal from the district court's judgment *sua sponte* dismissing their complaints in these consolidated cases for failure to prosecute and several alternative grounds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, the New York State Office of the Attorney General ("OAG"), which did not appear below, argues on appeal that, *inter alia*, it is entitled to "absolute quasi-judicial immunity." "It is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Walczyk v. Rio*, 496 F.3d 139, 164 (2d Cir. 2007) (quoting

2

*Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (internal quotations omitted)).  Here, the OAG was acting in a quasi-judicial capacity and is therefore immune from suit with respect to issuance of the extradition warrant.  *See Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006) (recognizing that the Court "may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court").

**I.      Failure to Prosecute**

We review dismissals pursuant to Federal Rule of Civil Procedure 41(b) for abuse of discretion.  *See Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).  Although review for abuse of discretion "suggests great deference," we have recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  In reviewing a Rule 41(b) dismissal, we consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (internal citation omitted).  While a district court is not required to discuss expressly the above factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning."  *Lucas*, 84 F.3d at 535.  Additionally, in examining the above factors, no single factor is generally dispositive, and we ultimately review the dismissal in light of the record as a whole.  *See, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

3

Here, the district court abused its discretion in dismissing plaintiffs' claims for failure to prosecute as a result of their failure to appear at a single pre-trial hearing, one for which they sought to appear via telephone and informed the court that they needed more time to retain counsel to appear in person.

First, although the district court found that plaintiffs' failure to appear caused delay, the court did not examine whether that delay was significant.

Second, the district court warned plaintiffs that failure to appear at the April 1 hearing would likely result in dismissal and that appearing by telephone would not be permitted. However, Federal Rule of Civil Procedure 16(c)(1) does not require in-person attendance for a motion hearing, only that, for purposes of considering "possible settlement," "the court may require that a party . . . be present or reasonably available by other means." In light of the fact that plaintiffs—who reside in California and stated that the April 1 schedule did not allow them enough time to find an attorney who could physically appear on their behalf—attempted to appear by telephone for the purposes of the April 1 pre-trial hearing, their disobedience of the court's order weighs only slightly in favor of dismissal.

Third, the district court found that defendants were prejudiced by plaintiffs' failure to appear because it caused delay in resolving the disposition of the action and the pending motions. However, any prejudice to the defendants was minor because rescheduling the hearing would have merely inconvenienced defendants by requiring them to attend a second hearing.

Fourth, there is no evidence that the district court's decision was based on the need to alleviate its calendar.

Fifth, there is no indication that the district court considered whether lesser sanctions would be an appropriate alternative to dismissal of plaintiffs' claims. Even though the March 31 e-mail shows that the plaintiffs' failure to appear in person was willful, this is not an "extreme situation[]" warranting the "harsh remedy" of dismissal. *Lucas*, 84 F.3d at 535. Instead of dismissing the case, the district court could have adjourned the hearing to give plaintiffs a reasonable amount of time to retain counsel and ordered them to pay the costs that the defendants incurred by having to appear at the April 1 hearing. Furthermore, to the extent that the district court correctly interpreted the request to appear by telephone as an attempt to avoid being physically present in the New York, the hearing would have still proceeded as normal if an attorney appeared on behalf of the plaintiffs, while they physically remained in California. On balance, the district court exceeded the bounds of its discretion in dismissing plaintiffs' claims for failure to prosecute. *See id.* ("[D]eference is due to the district court's decision to dismiss a *pro se* litigant's complaint [for failure to prosecute] only when the circumstances are sufficiently extreme."). Of course, should the plaintiffs unjustifiably disobey further district court orders or delay the progress of the litigation, dismissal for failure to prosecute may be appropriate at that time.

**II.    Fugitive Disentitlement Doctrine**

We review "a district court's application of the fugitive disentitlement doctrine for abuse of discretion." *United States v. Morgan*, 254 F.3d 424, 426 (2d Cir. 2001). In criminal cases, courts of appeal have the power to "dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). As the district court noted, "[o]ver time, numerous courts, including this one,

5

applied disentitlement to fugitives in civil cases . . . noting 'the impropriety of permitting a fugitive to pursue a [civil] claim in federal court where he might accrue a benefit, while at the same time avoiding [a criminal] action of the same court that might sanction him.'" *Collazos v. United States*, 368 F.3d 190, 197 (2d Cir. 2004) (quoting *United States v. Eng*, 951 F.2d 461, 465 (2d Cir. 1991)).  However, as we recognized in *Collazos*, the Supreme Court in *Degen* "ruled that courts could not impose the 'harsh sanction of absolute disentitlement' on fugitives in civil forfeiture cases simply on the basis of their 'inherent authority to protect their proceedings and judgments.'" *Id.* (quoting *Degen v. United States*, 517 U.S. 820, 823, 827 (1996)); *see also United States v. Awadalla*, 357 F.3d 243, 246 (2d Cir. 2004) ("In *Degen*, the Supreme Court indicated that the dignity and deterrence grounds for disentitling fugitives do not support dismissal of a *civil* appeal based on an appellant's fugitive status in a separate criminal case.").

In *Degen*, the Court explained that "[t]here would be a measure of rough justice in saying [the defendant] must take the bitter with the sweet, and participate in [court] either for all purposes or none.  But the justice would be too rough." *Degen*, 517 U.S. at 828–29.  Post-*Degen*, we have stated that, "*in civil cases*, the most persuasive justifications for disentitlement are now (1) the inability to enforce a decision rendered by the [district] court, and (2) the need to avoid prejudice to the other party resulting from the [party's] fugitive status." *Awadalla*, 357 F.3d at 246 (internal quotation marks omitted).

Here, the justifications supporting disentitlement in civil cases are not present.  First, any decision rendered by the district court would be enforceable, since Sorokin resides in California, which must give full faith and credit to New York's judgments.  *See* U.S. Const. art. IV, § 1.  Second, there is no evidence that the defendants are prejudiced by Sorokin's fugitive status.

6

Although Sorokin's refusal to appear in New York may, at some later point in the litigation, cause prejudice or undue delay, the Supreme Court made clear that this situation is better handled by the district court under its "usual authority to manage discovery in a civil suit," "exercise its discretion to manage the civil litigation to avoid interference with the criminal case," and impose "the same sanctions [to the fugitive] as any other uncooperative party." *See Degen*, 517 U.S. at 826–27 (citing Fed. R. Civ. P. 26(c), 37, 41(b)). Accordingly, the district court exceeded the bounds of its discretion in dismissing Sorokin's claims as barred by the fugitive disentitlement doctrine.

**III.     Failure to State a Claim pursuant to Rule 12(b)(6) and Leave to Amend**

We review *de novo* the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they *suggest*." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475-76 (2d Cir. 2006) (per curiam).

After an independent review of the record and relevant case law, we conclude that the district court properly determined that: (1) Bravo had failed to allege harm in either action

7

sufficient to state a claim, with the exception of Count 13; (2) defendants Vance, Morgenthau, and Siegmund were entitled to absolute prosecutorial immunity; and (3) Bravo failed to sufficiently allege facts giving rise to municipal liability. Although the district court did not determine whether Sorokin's claims would survive Rule 12(b)(6) review, presumably because the district court dismissed Sorokin's claims on failure to prosecute and fugitive disentitlement grounds, these arguments may be considered on remand should the defendants renew their motions to dismiss.

With respect to Bravo's claims, we have held that district courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. *See id.* Here, because Bravo's claims, with the exception of Count 13, do not suggest that he independently suffered any legally cognizable harm, granting him leave to amend would be futile.

## IV. *Younger* Abstention

Because the plaintiffs do not raise any arguments in their opening brief or reply brief regarding the district court's ruling that *Younger* abstention required dismissal of their claims for injunctive relief and that *Kirschner* required a stay of their claims for monetary relief, they have abandoned any challenge to this portion of the district court's ruling. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

To the extent that plaintiffs argue that the Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), bars Sorokin's state prosecution, their argument is wholly without merit. *Flores-Figueroa* concerns the interpretation of a federal criminal statute, *see* 556

8

U.S. at 647; it has no bearing whatsoever on New York state law and, therefore, no application to Sorokin's New York state prosecution.

We have considered plaintiffs' remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **REVERSED** in part, **AFFIRMED** in part and **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk