84 F.3d 532
 34 Fed.R.Serv.3d 1539
 Joseph Mercidieu LUCAS, Plaintiff-Appellant,
v.
Ronald MILES, Thomas A. Coughlin, III, Dr. Robert B.
Greifinger, M.D., Dr. Shah, M.D., Terry-Bolar,
R.N., Correction Officer Mellis, and Dr.
Milki Bhat, M.D., Defendants-Appellees.
 No. 446, Docket 94-2718.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 3, 1995.
Decided May 16, 1996.
 
 Adam J. Safer, New York City (Douglas F. Broder, Coudert Brothers, New York City, of counsel), for Plaintiff-Appellant.
 (Dennis C. Vacco, Attorney General of the State of New York, Peter H. Schiff, Deputy Solicitor General, Wayne L. Benjamin, John McConnell, Assistant Attorneys General, Albany, NY, on the brief), for Defendants-Appellees.
 Before: VAN GRAAFEILAND, JACOBS and PARKER, Circuit Judges.
 PARKER, Circuit Judge:
 
 
 1
 This is an appeal from two rulings of the United States District Court for the Western District of New York (Judge John Elfvin): (1) the dismissal of a supplemental complaint because it was filed after a court-specified deadline, and (2) the granting of summary judgment because the statute of limitations barred the claims in the original complaint. We vacate the dismissal of the supplemental complaint as contrary to circuit precedent. Because we vacate the dismissal, we do not address the statute of limitations question since the district court decided that issue only as to the original complaint.
 
 BACKGROUND
 I.
 
 2
 Joseph Lucas is a prisoner in the New York state prison system. Acting pro se, he filed a civil action against various New York prison officials in April, 1993. His original complaint charged violations of 42 U.S.C. § 1983 and sought damages and injunctive relief. The complaint alleged a policy of providing inadequate health care, and was predicated on the mistreatment of an ankle injury which Lucas incurred on October 9, 1989, while he was an inmate at the Southport Correctional Facility.
 
 
 3
 On June 17, 1993, Lucas filed a "Motion for Leave to File Supplemental Complaint and Add Defendants." Attached to this motion was a proposed Supplemental Complaint. The Supplemental Complaint added counts relating to medical treatment received from February 1992 to May 1993 for dizziness, head pains and facial numbness. This treatment was rendered at another prison, Midstate Correctional Facility. The state opposed Lucas' June 17 motion, arguing that "there is no connection between events alleged in the original complaint and those of the proposed supplemental complaint."
 
 
 4
 On October 21, 1993, before the district court had taken any action on Lucas' June 17 motion to file a supplemental complaint, Lucas filed another motion. This motion was for "Leave to Amend Complaint and Add Defendant for Clarity." Attached to this motion was a proposed Amended Complaint which added claims relating to a beating Lucas suffered on June 26, 1990, and the resulting denial of medical care while incarcerated at Southport Correctional Facility. The state opposed this motion as well, arguing, again, that the events alleged in the proposed amended complaint were unrelated to the events alleged in the original complaint.
 
 
 5
 On February 17, 1994, the district court ruled on the motions described above. The court denied the June 17 motion to file a supplemental complaint. The court agreed with the state that the allegations in the June 17 proposed supplemental complaint were not sufficiently related to the original complaint to warrant merging the two into a single suit. The court also denied the October 21 motion to amend, "but without prejudice to the plaintiff's filing and serving a 'supplemental complaint' setting forth the other Southport claims."[1] The court reasoned that the new claims alleged in the October 21 motion were sufficiently similar to those alleged in the original complaint to warrant merging the allegations into the same suit. Significantly for the purposes of this appeal, Judge Elfvin specified that Lucas was to file any such supplemental complaint "within 60 days of the filing of this Memorandum and Order."
 
 
 6
 Lucas filed a supplemental complaint, but after the 60 day deadline.[2] Other than missing the deadline, the supplemental complaint appears to conform to the district court's February 17 order. All of the defendants answered the supplemental complaint without objecting to its tardiness. In July and August 1994 defendants moved to dismiss the complaint, arguing inter alia that the complaint failed on statute of limitations grounds. Defendants never moved for dismissal due to the late filing.
 
 
 7
 On November 23, 1994, the district court, on its own motion, dismissed the supplemental complaint because Lucas "failed to file this Complaint within the time period prescribed by the [February 17] order." Having dismissed the supplemental complaint, the court then turned to the original complaint and dismissed the claims contained therein on statute of limitations grounds. It is this November 23 ruling that is now before us.
 
 DISCUSSION
 II.
 A. Standard of Review
 
 8
 Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with "any order of the court." We review such dismissals for an abuse of discretion in light of the whole record. Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988). Generally, appellate review for an abuse of discretion suggests great deference. In this context, however, we have recognized that dismissal is a harsh remedy and is appropriate only in extreme situations. Id. We have also explained that district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant. Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993). Furthermore, this court has repeatedly detailed factors (discussed below) to be considered before dismissal for failure to comply with a court order. See Alvarez, 839 F.2d at 932 (citing cases). See also Jackson v. City of New York, 22 F.3d 71, 74-76 (2d Cir.1994). These parameters suggest that deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme. See Nita v. Connecticut Dept. of Envtl. Protection, 16 F.3d 482, 487 (2d Cir.1994) (reversing dismissal of complaint as an "abuse of discretion").
 
 B. Review
 
 9
 The correctness of a Rule 41(b) dismissal is determined in light of five factors. They are: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Jackson, 22 F.3d at 74-76; Alvarez, 839 F.2d at 932.
 
 
 10
 We note at the outset that there is nothing in the record to suggest that Judge Elfvin considered any of the above factors. While we do not now require the court to discuss the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning. Furthermore, notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court.
 
 
 11
 We now do the factor analysis which the district court should have done. While no single factor is generally dispositive, Nita, 16 F.3d at 485, it is readily apparent that the district court erred in dismissing the supplemental complaint.
 
 
 12
 First, Lucas' non-compliance was no more than 39 days. While it is possible to imagine how such a delay could be significant, not in this case. The defendants never even complained about the tardiness of the supplemental complaint; instead they answered it under the assumption that the litigation would proceed to adjudication on the merits.
 
 
 13
 Second, the district court never warned Lucas that failure to comply would result in dismissal. Indeed, had Lucas received such a warning, it is difficult to imagine how dismissal for unexplained non-compliance could be an abuse of discretion. Defendants argue in their brief,[3] that the district court's denial of the motion but without prejudice to refile a supplemental complaint constitutes adequate notice. This might be the case if plaintiff were represented by counsel. But Lucas prosecuted his case pro se. A warning to a pro se litigant must be more specific before it will constitute a warning for the purpose of this analysis.
 
 
 14
 Third, as already discussed, there is absolutely no evidence that Lucas' delay in filing the supplemental complaint has prejudiced the defendants in any way.
 
 
 15
 Fourth, Lucas' late filing did not further congest the district court's docket. His initial complaint had been pending for nearly 22 months. There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court. No such evidence is present here.
 
 
 16
 Lastly, there is no indication that Judge Elfvin considered lesser sanctions as an alternative to the dismissal of the supplemental complaint.
 
 CONCLUSION
 
 17
 In short, none of this court's oft-repeated considerations suggest that dismissal was appropriate. Accordingly, we vacate the dismissal of Lucas' supplemental complaint and remand the case for further proceedings in light of the discussion herein. We express no opinion regarding the merits of defendants' motions to dismiss.
 
 JACOBS, Circuit Judge, dissenting:
 
 18
 I respectfully dissent from the majority opinion, and would affirm the district court's rejection of Lucas's supplemental pleading for failure to comply with the court's order. I would also affirm the district court's dismissal of Lucas's initial complaint as time-barred, because it alleges acts that took place (if at all) more than three years before the initial complaint was filed.
 
 BACKGROUND
 
 19
 Lucas's several pleadings allege events on several dates at two different prisons; in tracking the procedural history, it is useful to keep in mind that Lucas was evidently transferred from the Southport Correctional Facility ("Southport") to the Mid-State Correctional Facility ("Mid-State") in approximately 1991.
 
 
 20
 A. The Pleadings.
 
 
 21
 The initial complaint was filed in district court in April 1993, alleging (pursuant to 42 U.S.C. § 1983) that officers and medical personnel at Southport discriminated against Lucas on the basis of race in October 1989 by confining him to medical keeplock and by inadequately treating an ankle injury that he sustained in a soccer match. On June 17, 1993, Lucas filed a motion for leave to supplement his complaint, accompanied by a proposed supplemental pleading which sought to add as new defendants several Mid-State corrections personnel who allegedly gave inadequate treatment to Lucas in March 1992 for a "headache and swelling of the head." On October 21, 1993, Lucas filed (i) a motion for leave to amend his complaint and to add another Southport corrections officer as a defendant, together with (ii) a proposed amended complaint, and (iii) a supporting affidavit. Those documents alleged that Lucas was beaten by a corrections officer at the Southport facility in June 1990.
 
 
 22
 B. The February 17 Order.
 
 
 23
 Both of Lucas's motions were denied in an order dated February 17, 1994. As to Lucas's June 17, 1993 motion to supplement, the district court ruled that the mistreatment alleged in the proposed pleading was insufficiently related to the 1989 ankle problem at Southport alleged in the initial complaint. That order has not been challenged on appeal.
 
 
 24
 As to Lucas's October 21, 1993 motion for leave to file an amended complaint, the district court concluded that the proposed pleading alleged conduct sufficiently similar to that alleged in Lucas's initial complaint.[1] The district court denied Lucas's motion to amend but granted Lucas an opportunity to plead all of his allegations concerning his mistreatment at Southport in an additional pleading if such a pleading were filed within 60 days. That order has not been challenged on appeal. It is undisputed that Lucas did not file that pleading (which he titled a "supplemental complaint") until May 26, 1994--well after the court's 60-day deadline had passed.C. The November 23 Order.
 
 
 25
 On November 23, 1994, the district court sua sponte "vacated and nullified" the late-filed supplemental pleading. The district court then dismissed Lucas's initial complaint on the grounds that it did not allege incidents occurring within the applicable three-year limitations period. That order, rejecting the late-filed pleading and dismissing the initial complaint on limitations grounds, is the subject of this appeal.
 
 DISCUSSION
 
 26
 In my view, the district court did not abuse its discretion in rejecting Lucas's supplemental pleading. First, the sanction imposed for Lucas's failure to comply with the conditional February 17 order was the rejection of the supplemental pleading filed out of compliance with the condition--not dismissal of Lucas's entire action. Although the court also dismissed the initial complaint in the same order, the court did so on other sufficient grounds (the statute of limitations) rather than by way of a sanction. This appeal therefore does not resemble cases (such as those relied upon in the majority opinion) in which the sanction imposed was the dismissal of the action. See, e.g., Jackson v. City of New York, 22 F.3d 71, 74-75 (2d Cir.1994) (case dismissed for failure to submit joint pre-trial order); Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir.1994) (case dismissed for failure to submit to discovery); Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993) (case dismissed for failure to respond to motion to dismiss); Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988) (case dismissed for failure to submit proposed pretrial order); Harding v. Federal Reserve Bank, 707 F.2d 46, 49 (2d Cir.1983) (case dismissed for failure to comply with deadline for filing amended complaint).
 
 
 27
 Second, the district court's decision to reject the supplemental pleading was by no means an abuse of discretion. The majority opinion holds that the district court should have applied the five-factor test, set forth in Harding, 707 F.2d at 50, for reviewing a dismissal made pursuant to Fed.R.Civ.P. 41(b).[2] I believe that the Harding test is inapplicable, because the rejection of Lucas's proposed supplemental pleading is not tantamount to dismissal of a complaint by entry of judgment under Rule 41(b). But even if one reviews the Harding factors, they militate in favor of dismissal here.
 
 
 28
 Duration. Lucas was given 60 days in which to file his supplemental pleading, and delayed between nine and thirty-eight days in filing that pleading. This period cannot be deemed insignificant. Cf. Harding, 707 F.2d at 51 (reversing dismissal under Rule 41 where district court gave plaintiff only twenty days in which to file amended complaint, and denied plaintiff's motion to extend time by three days). Moreover, when it arrived, the supplemental pleading sought to relitigate claims that had already been fully litigated in the New York State Court of Claims.
 
 
 29
 Notice. The February 17 order denied Lucas's motion for leave to amend his initial complaint, "but without prejudice to his filing, within sixty days of the filing of this Memorandum and Order, a 'supplemental complaint' setting forth additional claims." Lucas was thereby made aware that, unless he complied within the 60-day time period, this opportunity might be lost and his supplemental pleading might be rejected. Cf. Nita, 16 F.3d at 486 (reversing dismissal where plaintiff received no notice that "case was on the brink of dismissal if she failed to respond" to the defendants' motions to dismiss); Alvarez, 839 F.2d at 932-33 (reversing dismissal where "[t]he district court gave no warning that missing the February 13 deadline ... would result in such drastic action as dismissal"); Harding, 707 F.2d at 52 (reversing dismissal where record provided no indication that dismissal would result from non-compliance with court order). A pro se litigant is afforded leniency in asserting his claims, see Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991), but the indulgence afforded to a pro se litigant should not extend to the disregard of a judge's plain directives. The concept of "sixty days" can be understood and appreciated without a legal education. (One would have to be a lawyer to believe that "sixty days" is an elusive concept.)
 
 
 30
 Prejudice To Defendants. Lucas filed a total of four pleadings with the district court. The last three sought either to relitigate claims that he had brought in state court or to allege facts concerning incidents not alleged in the initial complaint. I think that the defendants suffered a detriment by this cascade of pleadings, and had a strong interest in the court's enforcement of some discipline on this pro se litigant, but it would be difficult to say that the period of delay in filing the supplemental pleading worked a separate and distinct prejudice on them.
 
 
 31
 Opportunity To Be Heard. Lucas's right to due process was unaffected by dismissal because Lucas had already been afforded an opportunity to fully litigate his claims in state court, and because Lucas's initial federal complaint was not the object of the sanction imposed. Cf. Harding, 707 F.2d at 51 (reversing dismissal where district court dismissed entire complaint because amended pleading was not timely filed).
 
 
 32
 Efficacy Of Lesser Sanctions. The district court in fact imposed a lesser sanction than outright dismissal. Only Lucas's supplemental pleading was rejected for non-compliance with the court order, and his initial complaint remained to be considered (and ultimately dismissed) on its own terms. I can think of no lesser sanction that the court could have imposed on Lucas, particularly since the February 17 order afforded Lucas substantial leniency in permitting him to file a supplemental pleading in the first place. See id. at 51 (suggesting that, where amended pleading was not timely filed, court should have "considered simply denying the requested extension and allowing the case to proceed on the existing pleadings").
 
 
 33
 Accordingly, I would affirm the district court's rejection of Lucas's supplemental pleading. I would also affirm dismissal of Lucas's initial complaint as time-barred. Having voided the untimely supplemental pleading, the November 23 order proceeded to consider the claims set forth in Lucas's initial complaint, and dismissed them on the ground that they were untimely under N.Y. Civ. Prac. L. & R. 214.2. That provision fixes a three-year period of limitations for actions arising under a statute, and applies here. See Owens v. Okure, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989) (state limitation period governs actions brought under 42 U.S.C. § 1983). Lucas's initial complaint was filed on April 19, 1993, and the incidents alleged therein occurred (at the latest) in January 1990. The claims set forth in that complaint therefore were time-barred.
 
 
 34
 It may (or may not) be true that, under the relation-back doctrine expressed in Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81, 102 S.Ct. 1114, 1125-26, 71 L.Ed.2d 214 (1982), the claims contained in Lucas's initial complaint (concerning events occurring prior to January 1990) would have become viable if the district court had accepted the untimely supplemental pleading, which alleged a beating on June 26, 1990. But that does not support the majority's implicit conclusion that the dismissal of the time-barred initial complaint was a sanction for Lucas's failure to comply with the February 17, 1994 order. Although both dispositions (rejection of the supplemental pleading and dismissal of the initial complaint) were accomplished in a single order, Lucas cannot expect that his non-compliance with the order on supplementation would insulate his initial complaint from dismissal on any otherwise applicable ground. In my view, Lucas should not be able to avail himself of the relation-back doctrine embodied in Fed. R. Civ. Proc. 15(c), because I would hold that the supplemental pleading was properly rejected. The district court therefore properly held that Lucas's initial complaint was time-barred under the applicable three-year statute of limitations.
 
 
 
 [1]
 We suspect Judge Elfvin did not simply accept the June 17 proposed amendments because those amendments, on their own, were not sufficiently clear
 
 
 [2]
 There is some dispute over how late this complaint was filed. The supplemental complaint was received by the district court 38 days after the deadline. The complaint was dated nine days after the deadline. In light of our disposition of this case, we need not decide the exact degree of tardiness
 
 
 [3]
 While Lucas was ably represented at oral argument by counsel appointed by this court, no lawyer appeared on behalf of defendants to defend Judge Elfvin's decision to dismiss. Defense counsel have not provided this court with any explanation for the failure to appear
 
 
 [1]
 Lucas neglected to inform the district court that he had brought an action in the State Court of Claims seeking compensatory damages for assault and battery arising from the same conduct on which his supplemental complaint was based. On November 24, 1992, the Court of Claims found that the defendants were not negligent in initially treating Lucas's ankle injury, but were negligent in confining Lucas to his cell without reassessing his medical condition, and awarded Lucas $250 for pain and discomfort
 
 
 [2]
 The majority asserts that the district court "should have" walked through each of the five factors set forth in Harding. However, those are "the factors that an appellate court, viewing the record as a whole, need assess in ruling on the district court's dismissal for failure to prosecute." Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir.1986) (emphasis added). There is no requirement that a district court consider each factor, either on or off the record, in dismissing an action under Rule 41(b) or in rejecting a supplemental pleading that was filed out of time. See Nita, 16 F.3d at 485; Alvarez, 839 F.2d at 932; Harding, 707 F.2d at 50