**Babatunde LAWAL, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 99–6360.

United States Court of Appeals, Second Circuit.

Feb. 23, 2004.

Babatunde Lawal, Mushin Lagos, Nigeria, for Appellant, pro se.

Richard T. Lunger, Assistant United States Attorney (Deborah B. Zwany, Assistant United States Attorney, Roslynn B. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Central Islip, NY, for Appellee, of counsel.

Present: OAKES, KEARSE and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff-appellant Babatunde Lawal appeals from a judgment of the District Court dismissing without prejudice his action seeking the return of personal belongings seized from him by the U.S. Customs Service when he was arrested on March 11, 1992.

The relevant facts are as follows: On December 19, 1997, the District Court entered an order referring this action to Magistrate Judge Steven M. Gold for a hearing and a Report and Recommendation. On May 19, 1998, the Magistrate Judge ordered that a conference be held on June 5, 1998. On June 5, after Lawal failed to respond to a letter from the Government advising him of the conference and requesting a telephone number at which he could be reached, the Court directed Lawal to advise the Court and counsel for the Government of a telephone number at which he could be reached, and of any limitation on the hours during which he could be reached at that number. The Court warned Lawal in the same order that failure to comply with the order would result in a recommendation that his action be dismissed for failure to prosecute. When Lawal did not respond to this order, Magistrate Judge Gold issued a Report and Recommendation that the action be dismissed for failure to prosecute *unless* Lawal rectified his failure to comply with the Court's order within the time for filing an appeal from the Report and Recommendation. Lawal failed to respond or object to the Report and Recommendation. By order endorsed August 27, 1998, the District Court adopted the Report and Recommendation, and dismissed Lawal's action *without prejudice* for lack of prosecution.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action when a plaintiff fails to comply with a court order. Fed.R.Civ.P. 41(b). We review a district court's dismissal of a complaint for failure to prose-

cute for an abuse of discretion. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996). However, we are mindful that dismissal of a complaint under Rule 41(b) is a "harsh remedy" that is "appropriate only in extreme circumstances," especially when the plaintiff is a *pro se* litigant. *Id.*

The propriety of a Rule 41(b) dismissal depends on the balancing of the following factors, none of which is dispositive: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See id.; Jackson v. City of New York*, 22 F.3d 71, 74 (2nd Cir.1994).

In the circumstances presented, we do not believe the District Court abused its discretion. The first factor probably does not weigh in favor of dismissal because Lawal failed to comply with the magistrate judge's orders for less than three months. However, the second factor strongly supports dismissal because Lawal was given notice that his action would be dismissed *both* in Magistrate Judge Gold's June 5, 1998 order and in the Report and Recommendation. The third factor also supports dismissal because the Government could be prejudiced by further delay. This action was filed in 1997, and it concerns a seizure of property that occurred in 1992. As we noted in *Shannon v. General Electric Co.*, 186 F.3d 186, 195 (2d Cir.1999), "[b]ecause the events at issue in this lawsuit took place [many years] before the district court dismissed the case, the likelihood that evidence in support of the federal defendants' position had become unavailable and that their witnesses' recollection had diminished [is] quite large."

Neither the fourth nor the fifth factor weighs heavily in either direction. With respect to the fourth factor, we cannot conclude that the Court overvalued its interest in managing its docket at the expense of Lawal's interest in receiving a fair chance to be heard; to the contrary, the District Court gave Lawal two chances to keep his action on the court's docket, and then invited Lawal to place the case back on the docket by dismissing Lawal's claims without prejudice. With respect to the fourth factor, it is unclear from the record whether Magistrate Judge Gold considered sanctions short of dismissal. However, because Magistrate Judge Gold stated that the litigation could not proceed in the absence of Lawal's participation by phone, it does not appear that a lesser sanction would have addressed the problem caused by Lawal's failure to comply with the June 5, 1998 order. Also, it is noteworthy that the District Court did not impose on Lawal the most severe sanction available to it—namely, dismissal with prejudice. Instead, the Court gave Lawal an opportunity to revive his claims, and yet he failed to do so.

Based on our review of the relevant factors, we cannot conclude that the District Court abused its discretion when, after offering Lawal two opportunities to avoid dismissal of his complaint, it dismissed the complaint without prejudice.

We have considered all of plaintiff's claims on appeal and we hereby **AFFIRM** the judgment of the District Court.