For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Toby **SCHNEIDER**, Plaintiff–Appellant,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION, Vincent Grippo, Joann Asciutto, Catherine C. Cortes, Defendants–Appellees.

No. 05–5031–cv.

United States Court of Appeals, Second Circuit.

April 28, 2008.

Toby Schneider, Brooklyn, NY, pro se.

Ann E. Scherzer, Assistant Corporation Counsel for Michael A. Cardozo, Corporation Counsel, City of New York Law Department, New York, NY, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. AMALYA L. KEARSE and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Toby Schneider appeals from a judgment entered April 6, 2005 by the United States District Court for the Southern District of New York (Castel, *J.*) dismissing her complaint for failure to comply with the court's scheduling orders. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a dismissal for failure to prosecute under the abuse of discretion standard. *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). "[W]e review the trial court's decision by examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *Id.* (citation omitted).

The record reveals that Schneider delayed for seven months, *cf. Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–68 (2d Cir.1980) (affirming dismissal of complaint following a six-month delay), notwithstanding the district court's forceful warnings that further delay would result in dismissal of her case. And the district court's finding that the defendants had been prejudiced by the delay (in light of the defendants' need to brief and rebrief Schneider's failures to comply with court orders) was not clearly erroneous. Further, the court weighed Schneider's right to have her case heard against the effects of her conduct: she had halted resolution of the case and had diverted resources from other matters that deserved the court's attention. Finally, it was not clearly erroneous for Judge Castel to find that, since his written orders and admonishments in open court had failed to motivate Schneider, a less drastic sanction would be inadequate.

While we acknowledge that *pro se* litigants are entitled to special leniency regarding procedural matters, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996), we conclude on this record that the district court did not abuse its discretion.

We have considered all of Schneider's contentions on this appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.