**David RUSSELL, Plaintiff–Appellant,**

v.

**Jada RAO, MD, Abbasey, MD, Defendants–Appellees.**

No. 12–3941.

United States Court of Appeals, Second Circuit.

Sept. 25, 2013.

David Russell, pro se, St. Peters, Barbados, for Plaintiff–Appellant.

Zainab Chaudhry, Assistant Solicitor General, New York State Office of the Attorney General, Albany, New York, for Defendants–Appellees.

PRESENT: RALPH K. WINTER, WALKER, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Appellant David Russell, proceeding *pro se,* appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to prosecute. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's dismissal for failure to prosecute for an abuse of discretion. *See Lewis v. Rawson,* 564 F.3d 569, 575 (2d Cir.2009). Although review for abuse of discretion "suggests great deference," we have recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996). We review the district court's dismissal for failure to prosecute by examining five factors, namely, whether:

(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Rawson,* 564 F.3d at 576 (citation omitted). Although a district court is not required to expressly discuss the above factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Lucas,* 84 F.3d at 535. Additionally, in examining the above factors, no single factor is generally dispositive. *See Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994).

Here, the record contains no readily apparent evidence that Russell caused any delay of the district court proceedings; that Russell received notice that delay would result in dismissal for failure to prosecute; or that the district court adequately assessed the efficacy of lesser sanctions or alternatives to dismissal, including use of video-conferencing. We find, therefore, that the district court abused its discretion in dismissing Russell's complaint for failure to prosecute.

Accordingly, we **VACATE** the district court's judgment and **REMAND** for further proceedings consistent with this order. On remand, the district court should consider, along with the aforementioned factors, whether Russell can feasibly pursue his claims following his deportation.