12-3941
Russell v. Rao

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand thirteen.

PRESENT:
RALPH K. WINTER,
JOHN M. WALKER, Jr.,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

David Russell,

*Plaintiff-Appellant,*

v.                                                          12-3941

Jada Rao, MD, Abbasey, MD,

*Defendants-Appellees.*

_____

FOR PLAINTIFF -APPELLANT:    David Russell, *pro se*, St. Peters, Barbados.

FOR DEFENDANTS -APPELLEES:    Zainab Chaudhry, Assistant Solicitor General, New York State Office of the Attorney General, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter is **REMANDED** to the district court for further proceedings consistent with this order.

Appellant David Russell, proceeding *pro se*, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to prosecute. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's dismissal for failure to prosecute for an abuse of discretion. *See Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). Although review for abuse of discretion "suggests great deference," we have recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). We review the district court's dismissal for failure to prosecute by examining five factors, namely, whether:

(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Rawson*, 564 F.3d at 576 (citation omitted). Although a district court is not required to expressly discuss the above factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Lucas*, 84 F.3d at 535. Additionally, in examining the above factors, no single factor is generally dispositive. *See Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, the record contains no readily apparent evidence that Russell caused any delay of the district court proceedings; that Russell received notice that delay would result in dismissal for failure to prosecute; or that the district court adequately assessed the efficacy of lesser sanctions or alternatives to dismissal, including use of video-conferencing. We find, therefore, that the district court abused its discretion in dismissing Russell's complaint for failure to prosecute.

Accordingly, we **VACATE** the district court's judgment and **REMAND** for further proceedings consistent with this order. On remand, the district court should

3

consider, along with the aforementioned factors, whether Russell can feasibly pursue his claims following his deportation.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk