Toliver v. Department of Corrections

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fifteen.**

**PRESENT:**

> **JON O. NEWMAN,**
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> > *Circuit Judges.*

_____

**Michael Toliver,**

> *Plaintiff-Appellant*,

> **v.**                                                                                          **14-2447**

**New York City Department of Corrections, et al.,**

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Michael Toliver, *pro se*, Romulus, New York. |
| **FOR DEFENDANTS-APPELLEES:** | Pamela Seider Dolgow, Janet L. Zaleon (*for* Zachary W. Carter, Corporation Counsel of the City of New York), New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michael Toliver, *pro se*, appeals the district court's judgment dismissing this 42 U.S.C. § 1983 action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a dismissal for failure to prosecute for abuse of discretion." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). Abuse of discretion occurs when the district court's decision is based "'on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or when its ruling 'cannot be located within the range of permissible decisions.'" *Id.* (quoting *Wynder v. McMahon,* 360 F.3d 73, 76 (2d Cir. 2004)). Although review for abuse of discretion "suggests great deference," "we have recognized that dismissal is a harsh remedy and is appropriate only in extreme situations" and "that district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In reviewing a Rule 41(b) dismissal, we consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against the plaintiff's right to an opportunity for a day in court; and (5) the court adequately assessed the efficacy of lesser sanctions. *Lewis*, 564 F.3d at 576.

The district court did not abuse its discretion when it dismissed this action for failure to prosecute. *See Lewis*, 564 F.3d at 576-77; *cf. Lucas*, 84 F.3d at 535-36. The district court analyzed the relevant factors and concluded that each one favored dismissal. After receiving several extensions of time to file a pretrial order, Toliver was clearly warned that failure to comply would result in dismissal. The district court did not clearly err in refusing to credit Toliver's unsupported assertions of mail tampering. *See Lewis*, 564 F.3d at 575. Toliver was able to send mail to the district court about his alleged inability to send mail. The available inference is that Toliver never complied with the district court's order to submit his pretrial order.

Toliver claims that he sent the pretrial order and submitted, as proof, a receipt for postage on May 1, 2014. Even assuming this argument is properly before this Court on appeal, the district court docket sheet reflects that the mail Toliver sent to the district court on May 1, 2014 requested an extension of time to submit the pretrial order. Toliver has submitted no other evidence that he actually submitted the pretrial order, or that the district court's factual findings were otherwise clearly erroneous.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3