15-1564-cv
*Gaeta v. Incorporated Vill. of Garden City*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand sixteen.

PRESENT:  CHESTER J. STRAUB,
          DENNY CHIN,
          SUSAN L. CARNEY,
                  *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FRANK J. GAETA,

                  *Plaintiff-Appellant*,

                  v.                                          15-1564-cv

INCORPORATED VILLAGE OF GARDEN CITY,
GARDEN CITY POLICE DEPARTMENT, COUNTY OF
NASSAU, JOHN WEDRA, Police Officer, JOHN A.
BARONE, Police Officer, JOHN DOE, No. 1, Police
Officer, JOHN DOE, No. 2, Police Officer, fictitious
names for two other Police Officers involved in this
incident,

                  *Defendants-Appellees*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       The Clerk of Court is directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:          Frederick J. Martorell, Frederick J. Martorell,
                                  Esq. P.C., Brooklyn, New York.

DEFENDANTS-APPELLEES              Nicholas M. Cardascia, Ahmuty, Demers &
INCORPORATED VILLAGE OF           McManus, Albertson, New York.
GARDEN CITY ET AL.:

DEFENDANT-APPELLEE                Robert F. Van der Waag, Deputy County
COUNTY OF NASSAU:                 Attorney, *for* Carnell T. Foskey, Nassau
                                  County Attorney, Mineola, New York.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum of decision and order of the district court is **AFFIRMED**.

Plaintiff-appellant Frank J. Gaeta appeals an April 16, 2015 memorandum of decision and order of the district court denying his motion to reopen his civil case. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Gaeta commenced this action on May 1, 2003, asserting claims under 42 U.S.C. § 1983 and state law arising out of his arrest on May 2, 2002 by Garden City police officers for criminal impersonation and failing to signal before turning. With the consent of all parties, Magistrate Judge Lindsay recommended that the case be administratively closed pending completion of the underlying criminal charges, directing the "parties to notify court when to restore this case to active docket." App. at

- 2 -

8.  On August 11, 2004, the district court adopted the recommendation and administratively closed the action.

A jury found Gaeta guilty of criminal impersonation and a judgment was entered on September 15, 2008.  The Appellate Term of the New York State Supreme Court affirmed that conviction on September 22, 2011.  In July 2014, Gaeta first sought to reopen his civil case.  He did not successfully file a motion to reopen the case until October 16, 2014.  On April 16, 2015, the district court denied Gaeta's motion and dismissed the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  Gaeta timely filed a notice of appeal on May 12, 2015.

The district court denied the motion because of plaintiff's failure to prosecute, employing the analysis applicable to a Rule 41(b) motion to dismiss.  On appeal, both sides analyze the denial of the motion to reopen as a grant of a Rule 41(b) motion to dismiss.   Accordingly, in reviewing the district court's decision, we employ a Rule 41(b) analysis and review for abuse of discretion.  *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009).

Although review for abuse of discretion "suggests great deference," we have recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  In reviewing a Rule 41(b) dismissal, we consider whether:  (1) plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the

need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis*, 564 F.3d at 576. No single factor is generally dispositive, and we ultimately review the dismissal in light of the record as a whole. *See, e.g., United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Upon our review of the record as a whole, we conclude that the district court did not abuse its discretion in refusing to grant Gaeta's motion to reopen. Gaeta's failure to prosecute caused significant delay. Though the state court proceedings took a number of years to be completed, it was not until more than three years after the Appellate Term affirmed that Gaeta formally moved to reopen this case. As to notice, the district court found that the magistrate judge made it clear that it was up to the parties to notify the court to request restoring the action. As the underlying events took place in 2002, defendants surely were prejudiced by the extensive delay. Finally, the district court determined that no sanction other than "dismissal" would be appropriate because of the "significant prejudice to the Defendants in permitting a twelve-year old case to proceed." App. at 90.

We have reviewed Gaeta's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the memorandum of decision and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -