22-1831-cv
Gowrie v. Eevelle, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-three.

PRESENT:  GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
              JOSEPH F. BIANCO,
                  *Circuit Judges*.

------------------------------------------------------------------

SAMUEL GOWRIE, HEATHER GOWRIE,

    *Plaintiffs-Appellants*,

      v.                                 No. 22-1831-cv

EEVELLE, LLC, MTA NEW YORK CITY TRANSIT,

    *Defendants-Cross Claimants*,

MTA NEW YORK CITY TRANSIT,

*Defendant-Cross Defendant*,

HYSTER-YALE GROUP, INC, DBA
HYSTER COMPANY, CROWN
EQUIPMENT CORPORATION, XYZ
ENTITY #1 THROUGH XYZ ENTITY #10,
THE LAST 10 NAMES BEING FICTICIOUS
AND UNKNOWN TO PLAINTIFFS,

*Defendants- Cross Defendants*,

HYSTER YALE MATERIALS HANDLING,
INC., DBA HYSTER COMPANY,

*Defendant.* *

------------------------------------------------------------------

FOR PLAINITFFS-APELLANTS: David E. Gordon, Steven R. Haffner, Gordon & Haffner, LLP, Harrison, New York

Appeal from an order of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is VACATED and the case is REMANDED for further proceedings.

Plaintiffs-Appellants Samuel and Heather Gowrie ("Plaintiffs") appeal from a June 1, 2022 order of the United States District Court for the Southern

---

* The Clerk of Court is directed to amend the caption as set forth above.

District of New York (Marrero, J.) dismissing their case, without prejudice, for failure to prosecute. We assume familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

**I.  Background**

When Samuel Gowrie lost sight in one eye after a work-related forklift accident in January 2016, the Plaintiffs asserted defective design and failure to warn claims against various entities they believed had manufactured the weather shield that caused Gowrie's injury, as well as a failure to train and supervise claim against Gowrie's employer, the New York City Transit Authority ("NYCTA").

After voluntarily dismissing their claims against NYCTA in December 2019, conducting discovery, and then dismissing their claims against Crown Equipment Corporation, on December 7, 2020 the Plaintiffs requested a 60-day stay of discovery to decide how to proceed, which the Court granted. The Plaintiffs then voluntarily dismissed their claims against Eevelle on June 9, 2021, and, on August 16, 2021, dismissed its claims against Hyster as well.

When expert discovery ended on November 1, 2021, no non-fictitious defendants remained in the case. On December 2, 2021, the District Court requested a status update. On December 21, the Plaintiffs responded that they needed an additional 45 days to file a motion to substitute the correct manufacturer of the weather shield, but noted that the motion might be delayed if NYCTA did not timely cooperate with their efforts to determine the identity of the manufacturer. On March 2, 2022, having heard nothing from the Plaintiffs for more than two months, the District Court requested another status update. On March 7, 2022, the Plaintiffs responded that the documents they had finally received from NYCTA identified the manufacturer of the shield as a New York entity, whose substitution would destroy diversity and require a remand to state court. The Plaintiffs requested 45 more days to file any motions. App'x 182. On June 1, 2022 (86 days later), the District Court, sua sponte and without notice to the parties, dismissed the complaint without prejudice and closed the case for failure to prosecute.

**II.    Discussion**

We review a dismissal for failure to prosecute for abuse of discretion. U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). To

4

determine whether such an abuse of discretion has occurred, we consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); see also Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014). "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." Drake, 375 F.3d at 254. We conclude that the District Court erred in dismissing this case for failure to prosecute.

First, the Plaintiffs' inaction for nearly 90 days was relatively brief compared to prior cases in which we have found a period of inaction significant. And the District Court technically never responded to the Plaintiffs' request for a 45-day extension or imposed a deadline. Second, the District Court provided no notice at all to the Plaintiffs that failure to file a timely status update or to file the motion to substitute would result in a dismissal of their case, even though the Plaintiffs had responded to each prior request for an update. Third, the only

5

defendant subject to prejudice by the delay is the actual manufacturer of the wind shield, which has yet to be identified. Any prejudice to that defendant caused by the 90-day period of inaction is not, in our view, especially significant. Fourth, while we recognize the able and experienced District Judge's inherent interest in managing his docket, here all that remains in the federal case is to amend the complaint to substitute the correct defendant and remand to state court. App'x 182. This process will not congest or "strain[] [the District Court's] docket." Baptiste, 768 F.3d at 218. Finally, there is no record that the District Court considered any alternative, less severe, sanctions. A dismissal without prejudice is often a less severe sanction than a dismissal with prejudice. United States v. Bert, 814 F.3d 70, 80–81 (2d Cir. 2016). But where, as here, the statute of limitations has expired, a dismissal without prejudice may effectively operate as a dismissal with prejudice to the plaintiff. See Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007).

In sum, we "insist that dismissal be [preceded] by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will assessed, and an opportunity to be heard." Baptiste, 768 F.3d at 217 (quotation marks omitted). We conclude that the District Court here exceeded its

6

discretion by not following those procedural requirements before closing the case for failure to prosecute.

For the foregoing reasons, the order of the District Court is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court