*Network Data Rooms, LLC v. Saulrealism LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of October, two thousand twenty-three.

PRESENT:

> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> > *Circuit Judges,*
> **JESSICA G. L. CLARKE,**[*]
> > *District Judge.*

---

**Network Data Rooms, LLC,**

> *Plaintiff-Appellant,*

> v.                                                                22-3226

**Saulrealism LLC, Ryan Saul,**

> *Defendants-Appellees.*[†]

---

FOR PLAINTIFF-APPELLANT:                          NICHOLAS J. FORTUNA,
                                                                       Allyn & Fortuna LLP,
                                                                       New York, NY.

---

[*] Judge Jessica G. L. Clarke, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR DEFENDANTS-APPELLEES:**

RENEE M. WONG,
Goldberger & Dubin,
New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Network Data Rooms, LLC (NDR) hired Ryan Saul, through his company Saulrealism LLC, to write code for a software product called DealTable.   A little over a year later, NDR sued Saul for stealing that code.   Before the district court, NDR submitted falsified evidence created by David Delorge, a contractor who served as NDR's "DealTable Azure Chief Cloud Architect and Cloud Security Engineer."   *Network Data Rooms, LLC v. Saulrealism LLC*, 2022 WL 17404501, at *1 (S.D.N.Y. Dec. 2, 2022).   The district court imputed Delorge's misconduct to NDR and then dismissed NDR's suit with prejudice as a sanction for that misconduct in a December 2, 2022 order.   NDR now appeals.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review sanctions imposed by the district court for abuse of discretion, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991), and the factual findings underlying them for clear error, *see Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 281 (2d Cir. 2021).

**I.     Imputing Delorge's Misconduct to NDR**

A principal may be held responsible for the acts of another done with apparent authority. The existence of such authority is a question of fact reviewed for clear error.   *Herbert Constr. Co.*

*v. Cont'l Ins. Co.*, 931 F.2d 989, 994 (2d Cir. 1991) (question of fact); *see Liebowitz*, 6 F.4th at 281 (clear error review). We find no such error here.

A principal may be held liable for the acts of a putative agent if the "principal has created the appearance of authority, leading . . . [another] party to reasonably believe that actual authority exists." *Highland Cap. Mgmt. LP v. Schneider*, 607 F.3d 322, 328 (2d Cir. 2010). To establish apparent authority, "words or conduct of the principal, communicated to a third party, [must] give rise to the appearance and belief that the agent possesses authority to [act] on behalf of the principal." *Precedo Cap. Grp. Inc. v. Twitter Inc.*, 33 F. Supp. 3d 245, 254 (S.D.N.Y. 2014) (cleaned up); *see* Restatement (Third) of Agency § 2.03 & cmt. c (Am. L. Inst. 2005).

Here, NDR offered Delorge's falsified evidence in support of its motion for a temporary restraining order and preliminary injunction. The falsified evidence and other allegations by Delorge were integral to NDR's theory of the case. Delorge's actual and titular responsibilities at NDR also support the district court's finding that Delorge had apparent authority to act on behalf of NDR. Delorge held a senior technical role working on DealTable—NDR's sole product—and was "the only person affiliated with NDR who had the technical competence to accuse anyone of stealing the code." *Network Data Rooms*, 2022 WL 17404501, at *6. Moreover, NDR directed questions about the technical details of its product or of the alleged theft of its product to Delorge. *See* App'x at 58 (a principal of NDR stating that his knowledge of the damage done by Saul comes from Delorge); *id.* at 86 (Delorge stating that he was asked to prepare a summary of Saul's conduct to share with the FBI). The district court thus reasonably concluded that Delorge was "speaking on behalf of" NDR when he fabricated evidence and submitted false declarations. *Network Data Rooms*, 2022 WL 17404501, at *5.

3

New York's adverse-interest exception does not change this result. That "narrow" exception, which is a departure from the ordinary rule that a principal is liable for its agents' actions, applies only when an agent "totally abandon[s]" the principal's interest by defrauding the principal. *In re CBI Holding Co.*, 529 F.3d 432, 448 (2d Cir. 2008); *see also Parlato v. Equitable Life Assur. Soc. of U.S.*, 749 N.Y.S.2d 216, 220-21 (2002); *Citibank, N.A. v. Nyland (CF8) Ltd.*, 878 F.2d 620, 624 (2d Cir. 1989). "A fraud that by its nature will benefit the [principal] corporation is not 'adverse' to the corporation's interests, even if it was actually motivated by the agent's desire for personal gain." *Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 467 (2010). Here, the district court reasonably found that Delorge's lies benefited NDR, so the adverse-interest exception is inapplicable, and the district court reasonably imputed Delorge's misconduct to NDR.

**II.      Dismissal as Sanction for Fraud on the Court**

We review a sanction of dismissal with prejudice for abuse of discretion. *Shepherd v. Annucci*, 921 F.3d 89, 93 (2d Cir. 2019). "Generally, appellate review for an abuse of discretion suggests great deference. In this context, however, we have recognized that dismissal is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). Specifically, "[t]he sanction of dismissal with prejudice should be used only upon a finding of willfulness, bad faith, or reasonably serious fault." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 142 (2d Cir. 2023) (cleaned up). Showings of bad faith require clear and convincing evidence. *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020). And this Court requires a "high degree of specificity in the factual findings of lower courts upon which sanctions for bad faith are based." *Rossbach*, 81 F.4th at 141 (internal quotation marks omitted). Moreover, a district court must "at least consider lesser remedial measures" before imposing

4

dismissal, and "[f]ailure to consider a lesser sanction . . . is generally an abuse of discretion." *Shepherd*, 921 F.3d at 97-98.

A. <u>Willfulness, Bad Faith, or Reasonably Serious Fault</u>

The district court found that Delorge's conduct was "plainly intentional and the foundation of [NDR's] case," *Network Data Rooms*, 2022 WL 17404501, at *5, that it demonstrated "willfulness," *id.* at *7, and that it was a fraud on the court "calculated to interfere with the judicial system's ability to impartially adjudicate the action," *id.* at *5 (quoting *Yukos Cap. S.A.R.L.*, 977 F.3d at 235). The district court identified with specificity the content of the falsified email chain, *id.* at *4, how it came to be before the court, *id.* at *4-5, and how the differences between the falsified and original versions of the email chain "critically bear on a central issue in this case," *id.* at *4.

NDR argues that an "isolated incident" is insufficient to support terminating sanctions. But Delorge's conduct was not an "isolated incident." Delorge first falsified evidence, and then later offered false testimony both orally and in writing. *Id.* at *4-6. In light of the deference owed to the district court's factual determinations, we conclude that the district court adequately articulated its basis for imposing terminating sanctions.

B. <u>Consideration of Lesser Sanctions</u>

Before imposing terminating sanctions, a court must also consider lesser sanctions. *Shepherd*, 921 F.3d at 97-98. Here, the district court considered and rejected lesser sanctions, concluding that "because Delorge's fraudulent conduct was plainly intentional and the foundation of Plaintiff's case, dismissal with prejudice is the only appropriate sanction." *Network Data Rooms*, 2022 WL 17404501, at *5.

5

Having found fraud on the court, the district court reasonably concluded that a monetary sanction would be "insufficient to remedy the impact of this misconduct or to deter future misconduct." *Id.* It then found that trial sanctions would be futile because "[p]resumably the jury would learn of Delorge's fabrication, hear the limitations of the remaining evidence . . . and very likely return a verdict for Saul." *Id.* The district court permissibly found that trial would be futile if NDR were forced to rely only on evidence untainted by Delorge's fraud. While NDR points to the independent expert report as an alternative source of viable evidence, the district court found that Delorge's misconduct had rendered it inconclusive, and that finding was not clearly erroneous. Moreover, the district court noted that NDR had failed to identify any affirmative evidence demonstrating that Saul was in possession of the DealTable code. On the record before us, then, the district court sufficiently considered lesser sanctions.

\* \* \*

We have considered all of NDR's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6