**Solomon BOOMER, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, Commissioner of the New York State Department of Correctional Services, Victor T. Herbert, Superintendent, Jose M. DePerio, Stephen Laskowski, Robert M. Takso, and Lester N. Wright, Defendants–Appellees.**

No. 06–1419–pr.

United States Court of Appeals, Second Circuit.

July 9, 2008.

Solomon Boomer, pro se, Attica, NY, for Appellant.

Kathleen M Treasure, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, Andrea Oser, Assistant Solicitor General, of Counsel), Office of the Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Solomon Boomer appeals from a December 23, 2005 judgment of the District Court following the grant of summary judgment to defendants. *See Boomer v. DePerio,* 405 F.Supp.2d 259 (W.D.N.Y.2005). Plaintiff's action, brought pursuant to 42 U.S.C. § 1983, alleged violations of the Eighth Amendment associated with the treatment he received for his diabetes while incarcerated. The District Court concluded that his claims with respect to the defendants were not actionable because they amounted to nothing more than a "disagreement between plaintiff and defendants over the proper treatment for his condition." *Id.* at 264.* We assume the parties' familiarity with the facts and procedural history of the case.

On appeal, the plaintiff argues that (1) the District Court erred in granting defendants summary judgment because they continually and deliberately denied him medical care; (2) he was denied an oppor-

---

* The District Court also concluded that plaintiff had failed to exhaust his administrative remedies against defendants Goord, Takso, and Wright. *See Boomer v. DePerio,* 405 F.Supp.2d 259, 262 (W.D.N.Y.2005). Defendant does not challenge this conclusion on appeal. His arguments on appeal relate to the claims against the remaining defendants, DePerio and Laskowski.

tunity to present medical records to the Court; and (3) defendants' failure to respond to his timely-served interrogatories deprived him of an opportunity to establish facts that would have prevented the Court from granting summary judgment to defendants.

We review a District Court's order granting summary judgment *de novo,* "construing the facts in the light most favorable to the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008) (internal quotation marks omitted).

■ We agree with the District Court that plaintiff's claims, as stated in the complaint and developed in his deposition testimony, do not rise to the level of a constitutional violation. *Boomer,* 405 F.Supp.2d at 263–64. To substantiate a claim for medical indifference, plaintiff was required to show that his claim satisfied both an objective and a subjective component. He must establish that the alleged deprivation was, "in objective terms, sufficiently serious" and, subjectively, that the defendant "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir. 1994) (internal quotation marks and citation omitted). On the record before us, plaintiff has failed to satisfy the objective requirement. He appears to have received medical care for his condition on a regular basis, *Boomer,* 405 F.Supp.2d at 263–64, and his inability to secure treatment by a specialist does not establish that defendants acted with deliberate indifference to his condition, *id.* at 264; *see Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir.1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). He

has also not established that defendants acted with the requisite state of mind.

■ Plaintiff contends that he was deprived of the opportunity to demonstrate that a disputed issue of material fact existed as to both the objective and subjective elements of his claim. He contends that his medical records would demonstrate that he received constitutionally-deficient medical care and that defendants' failure to respond to his interrogatories deprived him of the opportunity to demonstrate their personal involvement in the alleged deprivations. At the time the motion for summary judgment was filed, plaintiff was notified that he must submit affidavits or documentary evidence to dispute the assertions made in the motion for summary judgment. Nonetheless, plaintiff avers that he submitted his medical records along with other documentary evidence to the Government but they "were never presented to the [District Court] for review." Appellant's Br. at 3.

In addition, defendants have not disputed plaintiff's allegation that they failed to respond to his interrogatories but instead argue that summary judgment was properly entered because plaintiff did not submit an affidavit identifying his need for discovery along with his opposition to the motion. *See Gurary v. Winehouse,* 190 F.3d 37, 43 (2d Cir.1999) ("[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." (quotation marks omitted)). Here, plaintiff did not submit such an affidavit, but his opposition to the motion for summary judgment, con-

strued with the leniency typically afforded *pro se* parties in complying with procedural requirements, *see Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996), satisfies the requirements. He alleges that he served a timely request for discovery, that defendants failed to respond to his request, and that the discovery was relevant to show defendants' personal involvement in the alleged deprivations.

Therefore, in an abundance of caution, we vacate the District Court's judgment and remand this action to permit the District Court to reconsider the motion for summary judgment in light of plaintiff's medical records and the responses to his interrogatories after these documents are properly submitted to the Court.

For the foregoing reasons, the judgment of the District Court is **VACATED** and the cause **REMANDED** for proceedings consistent with this order.