17-209-cv
Gachette v. Metro North-High Bridge

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand eighteen.

PRESENT:
   PIERRE N. LEVAL,
   DEBRA ANN LIVINGSTON,
   DENNY CHIN,
    *Circuit Judges.*

_____

LOUIS GACHETTE,

    *Plaintiff-Appellant*,

   v.                17-209-cv

METRO NORTH-HIGH BRIDGE, DAVE PLUMB,
PRESTON KIRK,

    *Defendants-Appellees*,

_____

For Plaintiff-Appellant:     LOUIS GACHETTE, *pro se*, Brooklyn, NY.

For Defendants-Appellees:    JONATHAN P. MEINEN, Metro-North
                Commuter Railroad Company, New York,
                NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part.

Appellant Louis Gachette, proceeding pro se, appeals from the district court's December 21, 2016 order granting summary judgment in favor of defendants Metro North-High Bridge ("Metro-North") and Preston Kirk. Gachette sued his former employer, Metro-North, and his supervisor, Kirk, under 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8–101 *et seq.*, for employment discrimination on theories of disparate treatment and retaliation. We review the district court's grant of summary judgment as to Gachette's claims *de novo*, construing all ambiguities and drawing all reasonable inferences against the moving party at the summary judgment stage. *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015). We "may affirm on any basis that finds support in the record." *Id.* Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

I. **Disparate Treatment Claims Against Metro-North Under § 1981, NYSHRL, and NYCHRL**

At the start, we conclude that vacatur is appropriate as to Gachette's claims of disparate treatment by Metro-North under § 1981, NYSHRL, and NYCHRL, so that the district court may, in the first instance, address the merits of whether Gachette's motion to compel the production of overtime records should be granted. Gachette claims that Metro-North gave him less overtime pay because he identifies as "black African or Afro-American." Record on Appeal ("ROA") doc. 25-1, at 36:4–6. The record suggests that Gachette attempted to gather proof of this allegation by

1

serving Metro-North with a request for overtime records on May 21, 2013. When Metro-North failed to respond to Gachette's discovery request, Gachette repeatedly notified both Metro-North and the district court of Metro-North's non-compliance by filing letters with the district court on June 28, 2013, July 19, 2013, and October 24, 2013. The district court construed Gachette's October 24, 2013 letter as a motion to compel and summarily denied the motion on October 25, 2013, reasoning that discovery closed on May 31, 2013 and that defendants had already filed for summary judgment on July 12, 2013.

We disagree with the district court's summary denial of Gachette's motion to compel. The record shows that Metro-North represented to the district court in a letter dated June 19, 2013 that it was searching for overtime records and needed extra time (until July 12, 2013) to complete its search. After oral argument, we ordered Metro-North to show cause why it did not respond to Gachette's May 21, 2013 request. In its response to our order, Metro-North (1) did not dispute that Gachette served Metro-North with a discovery request for overtime records on May 21, 2013 and that Metro-North failed to respond; and (2) neglected to explain why Metro-North did not produce those records after representing to the district court that a three-week deadline extension from June 21, 2013 until July 12, 2013 was required to give Metro-North sufficient time to gather overtime records "in order to rebut plaintiff's allegation" that Metro-North "assign[ed] white electricians to work more overtime than black electricians." ROA doc. 19; *see also* No. 17-209-cv, doc. 77.

Based on such a record, and pursuant to the "special solicitude [that] should be afforded pro se litigants generally, when confronted with motions for summary judgment," we cannot conclude that Gachette's request for overtime records was untimely. *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988); *cf. Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]istrict courts

2

should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant."). And although Metro-North now argues that Gachette's "request is wholly speculative and overbroad," No. 17-209-cv, doc. 77, at 8, the district court has not yet had the opportunity to reach the merits of this discovery dispute in the first instance. *See* Fed. R. Civ. P. 26(b)(1); *see also Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (observing that the objecting party bears the "burden . . . [to] show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [discovery request] is not relevant or how each question is overly broad, burdensome or oppressive . . . by submitting affidavits or offering evidence revealing the nature of the burden." (citations omitted)).

The district court's grant of summary judgment in favor of defendants was premature without first resolving this discovery dispute. In its opinion granting summary judgment, the district court specifically observed that "[a]lthough [Gachette] believes he received as little as half the overtime of white electricians, he concedes that he does not have proof other than 'common sense' and his own complaint." ROA doc. 52, at 5. Metro-North itself represented to the district court that its overtime records are relevant to proving Gachette's claims, but then failed to produce those records. These overtime records could very well create a disputed issue of material fact and preclude summary judgment. *See Tolbert*, 790 F.3d at 434. Therefore, we vacate and remand the portion of the district court's opinion which granted summary judgment to Metro-North on Gachette's disparate treatment claims pursuant to § 1981, NYSHRL, and NYCHRL. *See, e.g., Boomer v. Goord*, 283 F. App'x 855, 858 (2d Cir. 2008) (summary order) (vacating and remanding "in an abundance of caution" for district court to reconsider whether to grant summary judgment

3

in light of pro se plaintiff's representations, undisputed by defendant, that defendant failed to respond to his discovery request).

## II. Retaliation Claims Against Kirk Under § 1981 and NYSHRL

We affirm as to the district court's holding that Gachette failed to establish a prima facie case against Kirk for retaliation. Metro-North terminated Gachette when he refused to take a drug test. Gachette argues that Kirk administered the drug test and terminated him as retaliation for his complaints about discriminatory treatment. To establish a prima facie case of retaliation under § 1981 and NYSHRL, "a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find (1) that []he engaged in protected activity under the anti-discrimination statutes, (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Fincher v. Depository Tr. & Clearing Corp.,* 604 F.3d 712, 720 (2d Cir. 2010) (citations omitted). To establish individual liability, "a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action." *Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 75 (2d Cir. 2000) (citation and internal quotation marks omitted); *see also Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (same standards for Title VII, § 1981, and NYSHRL).

First, Gachette failed to establish the second element of his prima facie case because he presented no evidence that Kirk knew about his overtime complaints: Gachette sent letters complaining about overtime assignments directly to the President of Metro-North on June 7, 2010 and September 17, 2010, but he testified that he never provided copies of those letters to Kirk. Gachette also testified that he never made any direct complaints to Kirk; he merely assumed that Kirk would know of the letters that he sent to the President of Metro-North. Gachette's retaliation

4

claims thus fail because if Kirk did not know that Gachette was complaining about overtime assignments, then there was no way that Kirk could take any retaliatory action based on Gachette's complaints.

Furthermore, even if Gachette could establish that Kirk knew about his overtime complaints, Gachette cannot establish the fourth element of his prima facie case because the gap between his complaints and his ultimate dismissal undermines any inference of a causal connection. Gachette was randomly selected for a drug test and removed from service on July 26, 2011, and his dismissal was effective on August 31, 2011. Gachette's dismissal thus occurred nearly one year after he sent his last letter of complaint on September 17, 2010. *See Gorman Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001) (collecting cases holding three-month, four-month, and one-year gaps to be too long to suggest a causal relationship). Gachette's argument that it is "undisputable that [he] was let go because of the EEOC charge against Metro-North and its agents," moreover, is to no avail: Gachette filed the EEOC charge after he was fired. Pl.-Appellant Br. 14; *see also* ROA doc. 11.

Hence, Gachette's retaliation claims against Kirk under § 1981 and NYSHRL cannot survive Metro-North's motion for summary judgment.

## III. Retaliation Claims Against Kirk Under NYCHRL

Even under the NYCHRL's "broadly interpreted" standard of liability, Gachette's retaliation claim against Kirk must fail. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013). To prevail under the NYCHRL, a plaintiff "must show that [he] took an action opposing [his] employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Id.* (internal citations omitted). The NYCHRL thus requires Gachette to show a causal link between his

5

overtime complaints and Kirk's allegedly retaliatory actions, which as discussed above, Gachette is unable to do.

**IV.     Age Discrimination and Employment Act ("ADEA") and Equal Pay Act ("EPA") Claims**

Finally, Gachette briefly refers to the Age Discrimination and Employment Act and the Equal Pay Act, violations of which were not asserted in his complaint.    Although Gachette raised these claims in opposition to summary judgment, the district court did not have to reach those claims.  *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (citing *IIT v. Cornfeld*, 619 F.2d 909, 914 n.6 (2d Cir. 1980) for proposition that "a party is not entitled to amend its complaint through statements made in motion papers").

*     *     *

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment as to Gachette's retaliation, ADEA, and EPA claims, and we **VACATE** and **REMAND** as to Gachette's disparate treatment claims for further proceedings consistent with this order.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

6